UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| JOEL M. REINEBOLD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:18-CV-525 JD |
| | ) | |
| INDIANA UNIVERSITY AT SOUTH | ) | |
| BEND, *et al.*, | ) | |
| | ) | |
| Defendants. | | |

## OPINION AND ORDER

Plaintiff Joel Reinebold originally brought this lawsuit under the Age Discrimination in Employment Act and 42 U.S.C. § 1983 against Defendants Indiana University at South Bend ("IUSB"), school athletic director Steve Bruce, and assistant athletic director Tom Norris. Defendants have moved to dismiss Reinebold's claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, on the grounds that sovereign immunity bars his action. [DE 8] For all the reasons stated herein, the Court will grant Defendants' motion only in part.

## FACTUAL ALLEGATIONS

In 2017, Reinebold applied for a full-time position as IUSB's baseball coach. His background included more than thirty years of coaching experience, and his application came with recommendations from nationally known figures in college and professional baseball. Norris conducted the job search, during which "a number of applicants" were interviewed. [DE 1 ¶ 10] Ultimately, Norris and Bruce selected an applicant who, at the time, was thirty-two years old and had less experience and fewer qualifications than did Reinebold. According to Reinebold, after this hiring, Norris "stated that although many people wanted to hire Reinebold,

1

he wanted to hire someone younger." *Id.* ¶ 15. Thus, Reinebold alleges that Bruce and Norris passed him over based solely on his age.

## STANDARD

In reviewing a motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6), the Court construes the complaint in the light most favorable to the plaintiff, accepts the factual allegations as true, and draws all reasonable inferences in the plaintiff's favor. *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1146 (7th Cir. 2010). A complaint must contain only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). That statement must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and raise a right to relief above the speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). However, a plaintiff's claim need only be plausible, not probable. *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012). Evaluating whether a plaintiff's claim is sufficiently plausible to survive a motion to dismiss is "'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 678).

## DISCUSSION

In response to Defendants' motion, Reinebold concedes all of his claims except for his § 1983 claims against Bruce and Norris in their individual capacities. [DE 12 at 2-3] Thus, his conceded claims will be dismissed, leaving a single issue before the Court: whether sovereign

immunity (by way of the Eleventh Amendment) precludes suit against Bruce and Norris in their individual capacities.[1] For the following reasons, the Court concludes that it does not.

Reinebold seeks to recover compensatory and punitive damages against Bruce and Norris for their alleged wrongdoing; he does not seek injunctive or equitable relief. "[S]overeign immunity 'does not erect a barrier against suits to impose individual and personal liability.'" *Lewis v. Clarke*, 137 S. Ct. 1285, 1291 (2017) (quoting *Hafer v. Melo*, 502 U.S. 21, 30-31 (1991)); *see also Luder v. Endicott*, 253 F.3d 1020, 1022-23 (7th Cir. 2001) ("The general rule is that [individual capacity suits] are not barred by the amendment, because the plaintiff is seeking damages from individuals rather than from the state treasury."). Sovereign immunity will, however, preclude "a suit nominally against state employees in their individual capacities that *demonstrably* has the *identical* effect as a suit against the state." *Luder*, 253 F.3d at 1023. Such an action presents itself where "'the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration, or if the effect of the judgment would be to restrain the Government from acting, or to compel it to act.'" *Id.* (quoting *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101 n.11 (1984)). Put simply, "sovereign immunity bars individual-capacity claims for damages whenever '[t]he money will flow from the state treasury

---

[1] Raised for the first time in their reply brief, Defendants also contend that the complaint fails to state a plausible claim for relief against Norris because Reinebold "does not allege that Mr. Norris actually participated in the hiring decision or that he intentionally deprived him of the job as baseball coach for a discriminatory reason." [DE 16 at 4] The Court will not consider this argument because "new arguments may not be raised in reply." *Gre-Ter Enters., Inc. v. Mgmt. Recruiters Int'l, Inc.*, 329 F. Supp. 3d 667, 684 (S.D. Ind. 2018). And in any event, although two lines in Reinebold's complaint attribute the hiring decision to Bruce, the complaint clearly alleges that *Norris* conducted the job search, and that "Bruce *and* Norris passed over Reinebold" because *Norris* "wanted to hire someone younger." [DE 1 ¶¶ 13, 15, 17 (emphasis added)] These allegations sufficiently implicate Norris in the complained-of discrimination.

to the plaintiff[ ].'" *Haynes v. Indiana Univ.*, 902 F.3d 724, 732 (7th Cir. 2018) (quoting *Luder*, 253 F.3d at 1024).[2]

Defendants maintain that the judgment Reinebold pursues would "expend itself on the public treasury" because he "seeks damages associated with his application for employment at a state institution," and therefore sovereign immunity should preclude his individual capacity claims. [DE 9 at 6] In support, Defendants rely on *Omosegbon v. Wells*, in which a terminated state university professor brought a § 1983 action against school officials for damages under his employment contract. 335 F.3d 668 (7th Cir. 2003). Holding that the professor could not assert his individual capacity claims, the court reasoned that "because he seeks backpay and other forms of monetary compensation based on an employment contract … any resulting judgment will be paid by the state rather than the individual defendants[.]" *Id.* at 673. Strengthening this rationale was the fact that the individual defendants were not even parties to the employment contract itself, and so they could not practically be expected to pay out-of-pocket for damages arising from the professor's contract with the state. *See id.*

Defendants also compare this case to *Haynes*, where the Seventh Circuit determined that sovereign immunity defeated plaintiff's individual capacity claims against university administrators at summary judgment. 902 F.3d at 732. "Most importantly," the panel held, plaintiff sought "monetary relief for an injury relating to his employment with Indiana University." *Id.* This, coupled again with the fact that the individual administrators were not parties to the employment contract between plaintiff and the school, left the court with "no reason to believe that they, rather than the University, would foot the bill for a resulting judgment." *Id.*; *see also Harden v. Bd. of Trustees E. Illinois Univ.*, Case No. 12-CV-2199, 2013

---

[2] Whether the state elects to indemnify its employees under these circumstances is irrelevant for sovereign immunity purposes. *Luder*, 253 F.3d at 1023.

WL 6248500, at *9 (C.D. Ill. Dec. 2, 2013) (dismissing plaintiff's individual capacity claims against university employees where he sought monetary compensation based on his employment contract with the school).

The Seventh Circuit has acknowledged that applying *Luder* "can be a knotty and fact-bound inquiry[.]" *Haynes*, 902 F.3d at 732. Given the early stage of litigation then, it comes as no surprise that nothing indicates that a judgment in Reinebold's favor would "flow from the state treasury" instead of Bruce and/or Norris. Defendants point to no prospective employment contract, salary, or list of benefits that might support an inference that Reinebold seeks to recover funds that otherwise would be paid by the state. *See Doe v. Purdue Univ*., No. 4:18-CV-89, 2019 WL 1369348, at *3 (N.D. Ind. Mar. 25, 2019) (denying motion to dismiss § 1983 individual capacity claims where plaintiffs "alleg[ed] constitutional violations by the individuals, not violations of a contract to which the individuals were not parties.").

Relatedly, nothing in the complaint limits Reinebold's claim for compensatory damages to out-of-pocket losses. For example, he does not specify whether he seeks to recover the money he would have earned as IUSB's baseball coach. "Compensatory damages" as a concept includes recovery for embarrassment, personal humiliation, impairment of reputation, mental anguish and suffering, etc. *Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299, 306 (1986). Even where a plaintiff seeks compensatory damages associated with an employment contract, courts have declined to dismiss on sovereign immunity grounds where the plaintiff also seeks to recover for these less tangible items. *See Tanner v. Bd. of Trustees of Univ. of Illinois*, No. 3:17-CV-3039, 2018 WL 1161140, at *9 (C.D. Ill. Mar. 5, 2018) (denying motion to dismiss § 1983 individual capacity claim because non-monetary compensatory damages did not stem from plaintiff's employment relationship with her employer, a university); *El-Akrich v. Bd. of Trustees of Univ.*

*of Illinois*, No. 3:17-CV-3041, 2018 WL 1075029, at *11 (C.D. Ill. Feb. 27, 2018) (same, regarding a § 1981 individual capacity claim). Reinebold's claim for compensatory damages, albeit broad, does not exclude recovery for these injuries.

Moreover, Reinebold seeks not only compensatory damages, but punitive damages against Bruce and Norris as well. This detail further sets his case apart from *Omosegbon*, *Haynes*, and *Harden*, yet goes unmentioned by Defendants in their briefing. Courts have allowed individual capacity claims to proceed where a plaintiff seeks both punitive and compensatory damages, because punitive damages "may be available from the Defendants sued in their individual capacity *but not from the state*, which is immune to suit except for [injunctive relief through the *Ex Parte Young* doctrine]." *Doe*, 2019 WL 1369348, at *3 (emphasis added); *see also Smith v. Wade*, 461 U.S. 30, 35-36 (1983) (holding that individual officers may be liable for punitive damages under § 1983); *Bornick v. Sondalle*, 179 F. Supp. 2d 941, 949 (E.D. Wis. 2001) ("Punitive damages are indicative of an individual capacity claim.").

In sum, Defendants have not shown that a judgment against Bruce and/or Norris will expend itself on the state's treasury. Therefore, the Court will not dismiss Reinebold's § 1983 individual capacity claims based on sovereign immunity at this juncture.

### CONCLUSION

For all these reasons, the Court **DENIES** Defendants' motion to dismiss [DE 8] as it pertains to Reinebold's § 1983 claims against Bruce and Norris in their individual capacities, but **GRANTS** all other requested relief based on Reinebold's concession, thereby dismissing his remaining claims, with prejudice.

SO ORDERED.

ENTERED:  April 25, 2019

/s/ JON E. DEGUILIO
Judge
United States District Court
